IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KELLY H. WILSON,

    Petitioner,                         No. CIV S-09-3331 DAD P

    vs.

A. HEDGPETH, et al.,                <u>ORDER AND</u>

    Respondents.               <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

       Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has paid the filing fee.

       In the petition now pending before this court petitioner seeks to challenge his conviction (the nature of which he does not identify) and 170-years-to-life sentence imposed pursuant thereto by the Sutter County Superior Court. Petitioner appears to be attempting to present the following claims for federal habeas relief: (1) the amended information filed against him in the state trial court was defective and the trial judge constructively amended the information when he gave erroneous jury instructions; (2) his trial counsel provided ineffective assistance; (3) he should have been appointed new counsel because there was a conflict of interest between him and his trial counsel; (4) the transcripts of his were altered and taped-recorded exculpatory statements made by witnesses were suppressed; and (5) he was denied his

1

right to confront and cross-examine the lab technicians who issued reports on laboratory and forensic testing of evidence in his case . Petitioner also asserts that he wishes to appeal to the United States Court of Appeals for the Ninth Circuit.

This court's records reflect that petitioner previously challenged this same state court issued judgment of conviction in another petition for a writ of habeas corpus. See Wilson v. Fairman, CIV S-99-1711 JKS. In that earlier habeas action, petitioner challenged his Sutter County Superior Court conviction on twenty-six counts related to his sexual abuse of his girlfriend's two adolescent daughter, and his sentence of 175-years-to-life in state prison. (Case No. CIV S-99-1711 JKS, Order Denying Habeas Relief filed Apr. 26, 2004 (Doc. No. 34) at 1.) In his federal habeas petition filed in1999 attacking this same conviction, petitioner presented the following claims for relief:

> (1) the trial court erred in failing to suppress his statement to police; (2) the evidence at trial was insufficient to support the allegations that many of the acts were committed by force; (3) the trial court erred in failing to give a special jury instructions [sic] on the element of force; (4) the trial court erred in excluding alleged impeachment testimony from a witness; and (5) he received ineffective assistance of appellate counsel.

(Id. at 1-2.)

It is clear that the current action constitutes a second or successive habeas application. See 28 U.S.C. § 2244. Indeed, most of the claims presented in the petition now pending before this court are the same as those previously rejected when the court denied the habeas application filed by petitioner in 1999. As such, those claims are subject to dismissal. 28 U.S.C. § 2244(b)(1). To the extent any claims presented in this action were not presented in the prior application, petitioner may proceed with a successive petition in this court only by first obtaining from the Ninth Circuit Court of Appeals "an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Without such an order from the appropriate Court of Appeals, the district court is without jurisdiction to consider a second or successive petition. See Burton v. Stewart, 549 U.S. 147, 152-53 (2007) ("[B]efore filing the

[habeas] application in the district court, a prisoner shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.") (internal quotation marks omitted); <u>Cooper v. Calderon</u>, 274 F.3d 1270, 1274 (9th Cir. 2001); <u>Barapind v. Reno</u>, 225 F.3d 1100, 1111 (9th Cir. 2000). Because petitioner has not obtained the required order from the Ninth Circuit Court of Appeals, this court lacks jurisdiction and this habeas action should be dismissed.

In light of these findings and recommendations, petitioner's motion for the appointment of counsel will be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's December 7, 2009 motion for the appointment of counsel (Doc. No. 5) is denied; and

2. The Clerk of the Court is directed to randomly assign this case to a District Judge.

IT IS HEREBY RECOMMENDED that the pending petition (Doc. No. 1) be dismissed without prejudice for lack of jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, petitioner may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 14, 2010.

DAD:4
wil0433.succ

*/s/ Dale A. Drozd*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

3